**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Berethia L Willis, et al., | No. CV-25-04239-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Sonora Quest Laboratories, et al., | |
| Defendants. | |

Plaintiffs Berethia L. Willis and Harrison Willis filed this suit in state court alleging a variety of claims connected to Berethia's former employment with defendant Sonora Quest Laboratories. (Doc. 1-1 at 6.) The complaint alleges Berethia worked for Sonora Quest for "around 10 years without any pay for all hours worked over her regular eight hour shift." (Doc. 1-1 at 7.) Berethia allegedly was required to work "without breaks per day[,] or time to eat lunch every day." (Doc. 1-1 at 7.) Berethia worked for Sonora Quest "up until the pandemic started, roughly in 2019 or 2020," so the complaint admits it has been "around six years" since Berethia left her employment. (Doc. 1-1 at 9.) The complaint alleges claims under federal and Arizona law regarding unpaid wages and a claim under 18 U.S.C. § 1589 for "force[d] labor." (Doc. 1-1 at 7.) Sonora Quest removed the case to federal court and filed a motion to dismiss on November 19, 2025.

The motion to dismiss argues Berethia's federal and state claims involving unpaid wages are untimely and, even if timely, neither federal nor Arizona law "requires employers to provide meal or rest breaks." (Doc. 6 at 1.) The motion also argues the

1  complaint does not "allege the type of egregious facts supporting a claim under the
2  Trafficking Victims Protection Act [TVPRA[1]], 18 U.S.C. § 1589." (Doc. 6 at 1.) Plaintiffs'
3  opposition to the motion to dismiss was due December 3, 2025, but no opposition was
4  filed. On December 9, 2025, Sonora Quest filed a "Motion for Summary Ruling"
5  requesting the court summarily grant its motion to dismiss. (Doc. 7.) The court denied the
6  Motion for Ruling and ordered plaintiffs to file their opposition to the motion to dismiss
7  no later than December 17, 2025. (Doc. 8.) Plaintiffs did not file a response.

Local Rule 7.2(i) allows the court to summarily grant a motion when a party fails to file an opposition. Based on that rule, the motion to dismiss is granted. But even on the merits, the motion would be granted. Berethia stopped working for Sonora Quest approximately six years before filing suit and her claims involving unpaid wages must have accrued around the same time. But six years is well outside the one-year limitations period under Arizona law for wage claims, A.R.S. § 12-541(5), and the two- or three-year limitations periods under federal law, 29 U.S.C. § 255(a).

As for the TVPRA claim, plaintiffs needed to allege Sonora Quest intended Berethia "to believe that if she [did] not continue to work, she [would] suffer the type of serious harm—physical or nonphysical, including psychological, financial, reputation harm—that would compel someone in her circumstances to continue working to avoid that harm." *United States v. Dann*, 652 F.3d 1160, 1169–70 (9th Cir. 2011). This requires "the threat of harm . . . be serious." *Id.* Simply requiring Berethia work unpaid overtime or not allowing her to take breaks is not sufficient to support a claim under the TVPRA. *See id.* ("not all bad employer-employee relationships . . . will constitute forced labor").

The claims for unpaid wages are time-barred and leave to amend would be futile. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 297 (9th Cir. 1990) ("the amended complaint may only allege 'other facts consistent with the challenged pleading'") (citing *Schreiber*

---

[1] Sonora Quest refers to the applicable federal statute as the "TVPA." But "[i]n 2003, Congress amended the TVPA by enacting the TVPRA [Trafficking Victims Protection Reauthorization Act], which among other things added a civil remedy provision." *Fleites v. MindGeek S.A.R.L.*, No. 2:21-CV-04920-WLH-ADS, 2025 WL 2902292, at *9 (C.D. Cal. Sept. 26, 2025). It is the civil remedy at issue in this case, so the court refers to the TVPRA.

1    *Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In addition,
2    there is no indication that Sonora Quest engaged in anything close to the type of behavior
3    that might support a claim under the TVPRA. Leave to amend that claim would also be
4    futile.
5        **IT IS ORDERED** the Motion to Dismiss (Doc. 6) is **GRANTED**. The Clerk of
6    Court shall enter judgment in favor of defendants and close this case.
7        Dated this 29th day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge